IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 12-30081 |
| | ) | |
| ALAN D. LAUGHLIN, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION

RICHARD MILLS, United States District Judge:

Pending is Defendant Alan D. Laughlin's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), based on a diagnosis of Stage IV colon cancer.

As directed, the Government filed a response to the motion.

The Defendant filed a reply to the response.

### I.

On July 9, 2013, the Court imposed a 176-month term of imprisonment following the Defendant's guilty plea to one count of Possession of Heroin with Intent to Distribute. The Defendant was sentenced as a career offender.

In October 2018, the Defendant was diagnosed with Stage IV colon cancer that has metastasized, spreading to his liver and lymph nodes. He is currently

incarcerated at the Federal Medical Center in Butner, North Carolina. His projected release date is March 9, 2025, with credit for good time reduction.

The Defendant previously submitted a Request for Reduction in Sentence, often referred to as Compassionate Release, on March 18, 2019. That request was denied by the Acting Warden on March 21, 2019, on the basis that he "did not meet the criteria under Terminal Medical Conditions at this time," as defined in the U.S. Department of Justice, Bureau of Prisons, Program Statement 5050.50, issued January 17, 2019, which sets forth the Procedures for Implementation of 18 U.S.C. § 3582, as amended by the First Step Act of 2018.

On June 11, 2019, Dr. Andres Carden, a Bureau of Prisons physician, noted in a memorandum that "[t]his patient is a candidate for Reduction in Sentence. His life expectancy is 18 months."

On June 26, 2019, the Defendant submitted a second Request for a Reduction in Sentence due to a terminal medical condition. That request was forwarded to the Bureau of Prisons Central Office for further review.

On August 22, 2019, the Defendant filed the instant motion.

## II.

The compassionate release statute, 18 U.S.C. § 3582, was amended by Section 603(b) of the First Step Act on December 21, 2018. Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), a court may reduce the term of imprisonment if it finds that

"extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The Sentencing Commission's Policy Statement, § 1B1.13, Application Note 1(A), lists "metastatic solid-tumor cancer" as an example of an "extraordinary and compelling reason" to reduce a sentence under § 3582(c)(1)(A). The application note also provides that a specific prognosis as to life expectancy is not required.

The Defendant notes that colon cancer is a solid-tumor cancer which, in his case, has metastasized to his liver and lymph nodes. Therefore, the Sentencing Commission's policy statement establishes there is an extraordinary and compelling reason to reduce the Defendant's sentence.

Since the President signed the First Step Act on December 21, 2018, § 3582 was amended to provide the sentencing judge with jurisdiction to consider a defense motion for reduction of sentence based on extraordinary and compelling reasons whenever "the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf," or after "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

The Court has discretion to reduce the term of imprisonment under § 3582(c)(1)(A)(i), which states in pertinent part that the Court "may reduce the term

of imprisonment, after considering the factors in section 3553(a) to the extent they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]" Congress delegated to the Sentencing Commission the authority to "describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t). The Court earlier noted that examples of "extraordinary and compelling reasons" in § 1B1.13 include a terminal illness, regardless of life expectancy, such as metastatic solid-tumor cancer. *See* U.S.S.G. § 1B1.13, comment. n.1(A)(i).

The Defendant believes that his March 2019 request that the Bureau of Prisons file motion for compassionate release was based on a finding that there was no evidence his life expectancy was 18 months or less. The Bureau of Prisons Program Statement provides for Reduction in Sentence consideration in those circumstances if certain conditions are met. The Defendant notes that the Program Statement's requirement that the inmate have a life expectancy of less than 18 months contradicts Application Note 1(A) to § 1B1.13, which states that a prognosis as to life expectancy is not required.

Upon hearing he had a life expectancy of 18 months, the Defendant made a new request for compassionate release accompanied by Dr. Carden's memorandum.

His request included a Social Work Summary Sheet detailing the Defendant's release plans, confirmed by his daughter, Joy Laughlin, which concludes that Defendant "has an appropriate release plan if he is approved for [Reduction in Sentence] release."

The Defendant states that he has been told the Warden has approved his request and forwarded it to the next level of Bureau of Prisons review. Because more than 30 days have passed since the Defendant filed his request for relief and it has not been denied, the Defendant is authorized to file a motion under § 3582(c)(1)(A).

Because the Defendant is terminally ill with a life expectancy of 18 months or less, the Defendant asks the Court to grant his motion for compassionate release, reduce his imprisonment term to time served and allow him to spend his remaining time with his family.

The Government states that, based on the Defendant's criminal history which includes three battery convictions and six felony narcotics trafficking convictions, its position and that of the Bureau of Prisons is that "extraordinary and compelling reasons" which would warrant reduction of his sentence do not exist and his motion should be denied. Moreover, his current diagnosis of cancer would not preclude him from trafficking heroin if he was released.

The Government further states that based upon a review of the Defendant's medical records and in consultation with the BOP Medical Director, the Defendant does not meet the BOP terminal Reduction in Sentence criteria based on an indeterminate life expectancy. Despite the diagnosis of Stage IV colon cancer which has metastasized, the Defendant has undergone CT Scans in March 2019 and on July 29, 2019, which reveal that the liver and stomach lesions are responding to the chemotherapy and decreasing in size from the previous studies.

The Government further notes that Defendant is able to ambulate independently and able to perform normal daily activities. The Defendant's oncologist stated that because his cancer is responding favorably to treatment is life expectancy has improved to more than 24 months.

In his reply, the Defendant points out that the Bureau of Prisons' policy as to life expectancy is inconsistent with the Sentencing Commission's policy, which does not require a specific prognosis of life expectancy. In § 3582(c)(1)(A)(i), Congress provided courts with discretion to grant compassionate release motions if such a reduction is consistent with applicable Sentencing Commission policy statements. The Defendant further notes that at a February 2016 hearing on compassionate release issues, the Sentencing Commission held a hearing at which it was critical of BOP's program statement, concluding that "requiring a specified prognosis (such as the 18-month prognosis in the Bureau of Prisons' program statement) is

unnecessarily restrictive both in terms of the administrative review and the scope of eligibility for compassionate release applications." U.S.S.G. App. C, Amendment 799 "Reason for Amendment."

The Defendant further cites testimony at the public hearing from Dr. Brie Williams, Associate Professor of Medicine at the University of California, San Francisco VA Geriatrics Clinic, who testified concerning the limits of life expectancy, opining that it is a "difficult and inexact science" and physicians often "overestimate prognosis." Because it must consider the Sentencing Commission policy statements, the Court cannot give any weight to a Bureau of Prisons program statement that is inconsistent with those policy statements.

The Court is authorized under § 3582(c)(1)(A) to "reduce the term of imprisonment after considering the factors set forth in section 3553(a) to the extent they are applicable, if it finds that extraordinary and compelling reasons warrant such a reduction and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The Defendant's diagnosis of metastatic solid-tumor cancer is listed in § 1B1.13, comment. no. 1(A)(i). He need not establish a probability of death within a specific time. Therefore, the Defendant has established extraordinary and compelling reasons for the Court to reduce his sentence.

Like the Government, the Court is troubled by the Defendant's lengthy criminal history—particularly his six drug trafficking convictions. If granted early release, however, the Defendant would be on supervised release for six years. The Court believes that his supervised release status would serve to deter the Defendant from committing any crimes and also protect the public from any further crimes. It is also worth noting the Defendant, now 60 years old, is more than seven years older than he was when he was incarcerated for this offense. Given the Defendant's medical status, the Court finds those are the most important sentencing factors and considerations under § 3553(a).

Accordingly, the Court finds that the Defendant's diagnosis of Stage IV cancer approximately one year ago is an extraordinary and compelling reason to reduce the Defendant's sentence under § 3582(c)(1)(A). Because a reduction is consistent with Sentencing Commission policy statements, the Court will exercise its discretion to grant compassionate release.

Ergo, the motion of Defendant Alan D. Laughlin for compassionate release under 18 U.S.C. § 3582(c)(1)(A) [d/e 49] is GRANTED.

The Defendant's sentence is reduced to time served and Mr. Laughlin is entitled to immediate release, once it is confirmed he has a residence at which to reside and that information is provided to the United States Probation Office.

In all other respects, the sentence previously imposed shall remain in full force and effect.

Order for Sentence Reduction pursuant to Section 603(b) of the First Step Act to enter.

The Clerk will send a copy of this Order to the United States Probation Office.


ENTER: September 23, 2019


      FOR THE COURT:

/s/ *Richard Mills*

Richard Mills
United States District Judge
